IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| INXEPTION CORPORATION<br>20450 Stevens Creek Boulevard<br>Suite 150<br>Cupertino, California 95014<br><br>       Plaintiff,<br><br>   v.<br><br>SUNTUITY SOLAR LIMITED LIABILITY COMPANY<br>2137 NJ-35<br>Holmdel, New Jersey 07733<br><br>       Defendant. | Case No. _____ |

Plaintiff, Inxeption Corporation ("Inxeption" or "Plaintiff"), by counsel, for its Complaint against Defendant, Suntuity Solar Limited Liability Company ("Suntuity" or "Defendant"), alleges as follows:

**INTRODUCTION**

1. This is a case for breach of contract arising from the sale of solar modules pursuant to a written contract between Inxeption and Suntuity. Despite placing orders for modules and receiving shipment of the modules from Inxeption, Suntuity has failed to make timely payment for the shipped modules and has failed to supply Inxeption with financial statements as required by the written contract between Inxeption and Suntuity.

**THE PARTIES**

2. Inxeption is a corporation incorporated under the laws of Delaware, with its principal office located at 20450 Stevens Creek Boulevard, Suite 150, Cupertino, California

95014.

3. Suntuity is a limited liability company organized under the laws of New Jersey, with its principal office located at 2137 NJ-35, Holmdel, New Jersey 07733.

4. Suntuity is a fully owned subsidiary of Natural Power Sources, LLC d/b/a Suntuity Solar. Natural Power Sources, LLC is a limited liability company organized under the laws of New Jersey, with its principal office located at 2137 NJ-35, Holmdel, New Jersey 07733.

5. Upon information and belief, the members of Natural Power Sources, LLC are all individuals who are residents of the state of New Jersey.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this matter under 28 U.S.C. § 1332 (diversity) because (1) there is complete diversity of citizenship between the Plaintiff and Defendant, and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs.

7. This Court has personal jurisdiction over Suntuity because Suntuity does business in the state of Delaware.

8. Venue is proper under 28 U.S.C. §1391 because Inxeption is a resident of Delaware.

9. Pursuant to Section 28 of the Agreement (defined below), the parties agreed that "[a]ll disputes arising out of or relating to the Sales Order, including any action to enforce the Sales Order, shall be brought in the state or federal courts in Delaware, and each party hereto does hereby consent to personal jurisdiction in such venue."

## FACTUAL ALLEGATIONS

10. On or about December 27, 2022, Inxeption and Suntuity entered into Sales Order Agreement No. 99345 ("Agreement") whereby Inxeption sold to Suntuity 50,000 units of solar

modules for $9,400,000.00. A copy of the Agreement is attached and incorporated by reference as <u>Exhibit 1</u> to this Complaint.

11. Section 22 of the Agreement provides, in part, as follow:

> Buyer shall pay interest on all late payments at the lesser of the rate of 1.5% per month or the highest rate permissible under applicable law, calculated daily and compounded monthly. Buyer shall reimburse Seller for all costs and expenses incurred in collecting any late payments, including reasonable attorneys' fees.

12. On or about March 31, 2023, Inxeption and Suntuity entered into an Amendment to the Agreement. A copy of the Amendment to the Agreement is attached and incorporated by reference as <u>Exhibit 2</u> to this Complaint and hereinafter referred to as "First Amendment".

13. Pursuant to the First Amendment, payment terms under the Agreement were modified as follows:

> "Full payment for shipment of modules in a given month will be due on the final day of the following month, except that where payment is due in the final month of any calendar quarter (e.g. March, June, September, December), payment will be due on the 20th day of that month. These terms shall apply to all past and future sales orders and purchases of goods by Buyer from Seller pursuant to this Agreement.

14. The First Amendment also included the following statement:

> "As of the Effective Date, the current outstanding balance owed by Buyer to Seller pursuant to Sales Order # 99345 is $1,889,280. Buyer shall make payment of this outstanding balance on or before April 3, 2023. In the event that Buyer makes payment on or before April 3, 2023, Buyer shall be entitled to a credit applied against such outstanding balance in the amount of $1,318,301, such that Buyer's total payment obligation with respect to the outstanding balance shall be $570,979, if payment is made on or before April 3, 2023. Buyer shall not be entitled to any credit in the event it does not make full payment of the outstanding balance on or before April 3, 2023.

15. The First Amendment also modified Section 22 of the Agreement by replacing the first sentence of Section 22 with the following language:

> "Buyer shall pay interest on all late payments at the lesser of the rate of 2.5% per month or the highest rate permissible under applicable law, calculated daily.

16. Finally, the First Amendment also added the following provision to the Agreement:

> "42) Buyer shall promptly provide to Seller quarterly financial statements of Buyer as they are generated, for as long as this Agreement remains in effect or as long as any payment obligations of Buyer to Seller are outstanding."

17. On or about April 28, 2023, Inxeption and Suntuity entered into a Second Amendment to the Agreement. A copy of the Second Amendment to the Agreement is attached and incorporated by reference as Exhibit 3 to this Complaint and hereinafter referred to as "Second Amendment".

18. As set forth in the Second Amendment, as of April 27, 2023, Inxeption had shipped 28,476 modules to Suntuity pursuant to the Agreement.

19. As set forth in the Second Amendment, as of April 27, 2023, the outstanding balance owed by Suntuity to Inxeption for the shipped modules was $2,571,840.00.

20. Pursuant to Section 1(a) of the Second Amendment, payment terms under the Agreement and First Amendment for the outstanding balance were modified as follows:

> "Buyer shall make payment of the Outstanding Balance to Seller on the following schedule:
> "$300,000.00 shall be received on May 01, 2023;
> "$512,160.00 shall be paid on or before May 12, 2023;
> "$676,800.00 shall be paid on or before June 5, 2023;
> "$1,082,880.00 shall be paid on or before June 20, 2023."

21. The Second Amendment also included the following addition to the Agreement and First Amendment:

> "With respect to the modules sold pursuant to the December 27, 2022 Sales Order that have not yet been shipped, the portion of the December 27, 2022 Sales Order governing such modules shall be revised accordingly. With respect to this portion of the December 27, 2022 Sales Order, the Sales Order attached hereto as Exhibit A ("Sales Order #1") shall replace such portions of the December 27, 2022 Sales Order."

22. The Second Amendment also included the following addition to the Agreement and First Amendment:

> "If and only if Buyer timely fulfills the payment schedule for the Shipped Modules set forth in Section 1(a) of this Second Amendment, then the purchase price for all modules sold pursuant to Sales Order #1 and Sales Order #2 shall be paid by Buyer within 60 days of shipment of the modules. In the event that Buyer breaches and does not meet such payment schedule, the payment terms previously set forth in the Agreement shall apply and Inxeption reserves the right to terminate this agreement."

23. As part of the Second Amendment, Inxeption and Suntuity executed, on April 28, 2023, revised Sales Order #1 and Sales Order #2, denoted as "Q4 Revised Contract" and "Q1 Revised Contract," respectively. The revised Sales Orders are attached and incorporated by reference as Exhibit 4 to this Complaint.

24. Subsequent to the execution of the Second Amendment, Inxeption continued to ship modules to Suntuity as requested by Suntuity.

25. Despite agreeing to make payments on specific dates in specified amounts, including as set forth under the Agreement, as amended, Suntuity has failed to make those payments.

26. Despite agreeing to provide quarterly financial statements to Inxeption, Suntuity has failed to provide any financial statements to Inxeption.

27. Inxeption has requested Suntuity make all past due payments and provide its quarterly financial statements to Inxeption, but to date, Suntuity has failed to comply with its contractual obligations as to payment or access to financial records.

28. As a result, on August 15, 2023, Inxeption provided notice to Suntuity of

Inxeption's termination of the Agreement, as amended.

29. As of the filing of this Complaint, Suntuity's outstanding balance owed to Inxeption for modules delivered to Suntuity is $2,889,035.05, including a past due amount of $2,269,835.05.

## COUNT I – BREACH OF CONTRACT

30. Inxeption incorporates herein the allegations contained in paragraphs 1 through 29 above.

31. By failing to make payments on shipped modules pursuant to the Agreement, as amended, Suntuity has breached the Agreement, as amended.

32. Suntuity's breach of the Agreement, as amended, has caused Inxeption damages in the amount of at least $2,269,835.05, representing unpaid, past due amounts owed for shipped modules.

33. Suntuity owes interest on all late payments in the lesser amount of 2.5% per month or the highest rate permissible by law, calculated daily.

34. Because the amount due and owing to Inxeption is liquidated, Suntuity owes pre-judgment interest to Inxeption.

35. Pursuant to the Agreement, as amended, Suntuity owes Inxeption all costs and expenses incurred in this action, including reasonable attorneys' fees.

## RELIEF REQUESTED

WHEREFORE, Plaintiff, Inxeption Corporation, requests a judgment in its favor and against Defendant, Suntuity Solar Limited Liability Company, as follows:

A. That Judgment enter in favor of Plaintiff and against Defendant on Count I of the Complaint for breach of contract;

B.  That Judgment enter against Defendant for such damages as may be established at trial;

C.  That Plaintiff be awarded its costs herein expended, including reasonable attorneys' fees;

D.  That Plaintiff be awarded pre- and post-judgment interest; and

E.  For all other relief to which Plaintiff may be entitled and/or which the Court deems just and proper.

/s/ Richard A. Barkasy
Richard A. Barkasy (#4683)
**WHITEFORD TAYLOR & PRESTON LLC**
600 North King Street
Suite 300
Wilmington, DE 19801
Phone: (302) 357-3273
rbarkasy@whitefordlaw.com

*Of Counsel:*
Dennis D. Murrell
Robert J. Theuerkauf
Matt P. Dearmond
**GRAY ICE HIGDON, PLLC**
3939 Shelbyville Road, Suite 201
Louisville, KY 40207
Phone: (502) 677-4729
dmurrell@grayice.com
rjt@grayice.com
mdearmond@grayice.com

*Attorneys for Plaintiff, Inxeption Corporation*